LYDIARD–PETERSON CO. v. WOODMAN.

(Circuit Court of Appeals, Eighth Circuit. June 19, 1913.)

No. 3,738.

APPEAL AND ERROR (§ 539*)—RIGHT OF REVIEW—LIMITATION BY STIPULATION.
    The Circuit Court of Appeals *held* limited by the stipulation of the parties, and by the omission of matters from the record as sent up, to the consideration of a single question.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2357, 2358, 2464; Dec. Dig. § 539.*]

On motion for rehearing. Denied.

For opinion on original hearing, see 204 Fed. 921.

Before SANBORN and HOOK, Circuit Judges, and McPHERSON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH McPHERSON, District Judge. A complete record was not brought up, by reason of a stipulation signed by both parties and made of record. This was done to economize in labor for the parties and for this court, and to minimize the expense. It was thereby agreed that the only question to be determined by this court was as to the sufficiency of notice of the copyright, and that question was to be determined by three exhibits. And the case being in equity, and here for trial de novo, the decree of the District Court was in effect to be affirmed or reversed accordingly as this court should hold as to the sufficiency or insufficiency of the notice as to the copyright of the map.

The court was united in holding that the map alone did not give the requisite and statutory notice of copyright. But the majority, Judge Hook dissenting, were of the opinion that the directory and map together were one, and that, thus considered, the notice was sufficient. And the notice thus given called for an affirmance. That the directory furnished sufficient notice was scarcely denied, but in effect was conceded by appellant in argument. But it was contended that the copyright as to the book was abandoned, a question we were precluded from deciding. This is so because the stipulation among other things recites:

"Whereas, the said Lydiard-Peterson Company, in its said appeal taken as aforesaid, has raised only one point in its assignments of error, to wit, the sufficiency of the notice of copyright on plaintiff's map or chart, Exhibit A, and does not propose to present or urge any other question before said Circuit Court of Appeals, except the insufficiency of said notice."

The stipulation by way of agreement further recites:

"The sufficiency of said notice of copyright of said Exhibit A being the only question to be raised on said appeal by said appellant, it being conceded by appellant if the notice of copyright is sufficient, the record contains evidence to support the finding and judgment of the court as to infringement."

So that it appears that the parties stipulated that the notice was the only question to be raised on appeal. If this were not so, the record presents no other question. The record fairly presents the question as to the map *and* the directory, on the question of notice. And, so considered, it follows that notice was given.

The petition for rehearing should be denied, and it is so ordered.