## WATERSON, BERLIN & SNYDER CO. v. TOLLEFSON.

(District Court, S. D. California, S. D.   October 23, 1918.)

### No. D-78.

COPYRIGHTS ⬥87—DAMAGES FOR INFRINGEMENT—MUSICAL COMPOSITION.

Damages recoverable for infringement of a copyright for a musical composition are governed by the provision of Copyright Act, § 25b (Comp. St. 1916, § 9546), that "damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250." The provision of subdivision 4, fixing the damages in such case at "$10 for every infringing performance," is intended to apply, within the above limits, where a large number of infringing performances are shown, and no actual damages are proven.

In Equity.  Suit by the Waterson, Berlin & Snyder Company against Chris Tollefson.  Decree for complainant.

Philip Cohen, of Los Angeles, Cal., for plaintiff.
Thomas A. Sanson, of Los Angeles, Cal., for defendant.

BLEDSOE, District Judge.  Plaintiff sued for an infringement of its copyright arising out of the performance of the musical selection known as "Joan of Arc, They are Calling You." Defendant was the owner and operator of a motion picture house in Los Angeles, and the selection above named was performed by his pianist in his house on at least one occasion in the month of March of this year.

An answer was filed containing allegations which the court concluded at the hearing raised no issue, and, the defendant not appearing, judgment was ordered as if by default.  The only question in the case is as to the amount of damages to be awarded to the plaintiff for the single infringement alleged and shown.  No actual damages were proven.

As before stated, the infringement complained of concerns the performance of a "musical composition," as distinguished from other infringements referred to in section 25 of the Act of March 4, 1909 (35 Stat. 1081, c. 320 [section 9546, Compiled Statutes 1916]).  I confess that, on the first reading of this statute, I was of the opinion that $10, being the sum specifically mentioned in clause "fourth" of the section, cited as recoverable for such an infringement, should be the amount allowed as liquidated damages, in the absence of proof of actual damage.  However, upon more careful study of the section and consideration of its various terms, and more particularly upon considering and reading the section as it appeared previous to its amendment in 1909, I am of the opinion that this is one of the "other cases" referred to in clause "b" of section 25, supra, and that the minimum damages to be awarded for the infringement shown should be $250.

The provision for an allowance of "ten dollars" must be held to apply where a large number of infringements have been shown; this figure may be used by the court as a basis for its computation of the entire damages by assessing each infringement at $10, if such method

of computation, under all the circumstances, "shall appear to be just"; but in the event the total number of infringements, computed on the $10 basis, do not amount to $250, nevertheless, pursuant to the mandatory terms of the statute contained in the provision last above referred to relating to "other cases," the court may not award damages in a sum less than $250. So, also, no matter how many separate infringements may be proved, no "actual" damages being shown, the court may not mulct the defendant in damages in excess of the maximum sum mentioned, to wit, $5,000.

This construction of the statute is supported by the well-considered opinion in Westermann v. Dispatch Printing Co., 233 Fed. 609, 147 C. C. A. 417, and finds support, also, in the decision of the United States Supreme Court in Brady v. Daly, 175 U. S. 148, 20 Sup. Ct. 62, 44 L. Ed. 109.

Plaintiff's counsel will therefore prepare a decree awarding damages in the sum of $250, the minimum amount named in the statute, and for attorney's fees in the sum of $100.