### BUCK et al. v. MILAM et al.

District Court, D. Idaho, E. D. April 17, 1929.

No. 687.

Hugo B. Anderson, of Salt Lake City, Utah, and F. L. Soule, of St. Anthony, Idaho, for plaintiffs.

W. A. Ricks, of Rexburg, Idaho, for defendants.

CAVANAH, District Judge. The defendants' conduct a dance hall and place of entertainment known as the "Cahoon Park Dance Hall" in Madison county, Idaho, where entertainments and dances are given and musical compositions are played for the general public for profit. The plaintiffs own the musical compositions entitled "Ramona" and "The Sunrise (Will Bring Another Day for You)," and under the Copyright Act possessed the exclusive right to perform the compositions publicly for profit.

It is charged in two causes of action in the complaint that the defendants in infringement of the copyright have given public performances for profit of the musical compositions in question, by causing them to be played in their dance hall and place of entertainment for the amusement of their patrons. Under the pleadings and agreed statement of facts presented, the infringement of the copyright and damages to plaintiff, and $100 attorney's fee and costs to be allowed plaintiff, are admitted, leaving for decision the one question as to the amount of damages.

There is no proof of actual damages or profits, and plaintiffs contend that the general clause of subdivision (b) of section 25 of the Copyright Act (17 USCA § 25(b) governs, and the damages must be assessed at not less than $250, the minimum, and not more than $5,000, maximum, for each of the two infringements. On the other hand, the defendants assert that the court is restricted to an allowance of $10 for each infringement performance of a musical composition as provided in the "Fourth" paragraph of section 25. So that the question is: Must there be allowed to the plaintiffs at least $250 under the general clause, or must there be allowed only $10 for every infringing performance under the "Fourth" paragraph?

Referring to section 25 of the Copyright Act, we find that it provides that the person infringing shall be liable:

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but in case of a newspaper reproduction of a copyrighted photograph such damages shall not exceed the sum of $200 nor be less than the sum of $50, and in the case of the infringement of an undramatized or nondramatic work by means of motion pictures, where the infringer shall show that he was not aware that he was infringing, and that such infringement could not have been reasonably foreseen, such damages shall not exceed the sum of $100; and in the case of an infringement of a copyrighted dramatic or dramatico-musical work by a maker of motion pictures and his agencies for distribution thereof to exhibitors, where such infringer shows that he was not aware that he was infringing a copyrighted work, and that such infringements could not reasonably have been foreseen, the entire sum of such damages recoverable by the copyright proprietor from such infringing maker and his agencies for the distribution to exhibitors of such infringing motion picture shall not exceed the sum of $5,000 nor be less than $250, and such

damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served upon him.

"First. In the case of a painting, statue, or sculpture, $10 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees;

"Second. In the case of any work enumerated in section 5 of this title, except a painting, statue, or sculpture, $1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees;

"Third. In the case of a lecture, sermon, or address, $50 for every infringing delivery;

"Fourth. In the case of a dramatic or dramatico-musical or a choral or orchestral composition, $100 for the first and $50 for every subsequent infringing performance; in the case of other musical compositions $10 for every infringing performance."

The defendants having played the copyright compositions in their dance hall and place of entertainment as charged, and in view of subdivision (b) of section 25 of the act providing for an injunction in such cases, and in addition "in lieu of actual damages and profits such damages as to the court shall appear to be just, * * * and such damages shall in no other case exceed the sum of $5,000, nor be less than the sum of $250," I am of the opinion that the present case is one of the "other cases" referred to in clause (b) of section 25, and the minimum damages of $250 is awarded as the "just" damages to be allowed by the court for each infringement shown, making the total damages $500.

In support of this construction of the act in cases similar to the present one, see Westermann Co. v. Dispatch Printing Co. (C. C. A. 6th Cir.) 233 F. 609; Westermann v. Dispatch Printing Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499; Waterson, Berlin & Snyder Co. v. Tollefson (D. C.) 253 F. 859; Brady v. Daly, 175 U. S. 148, 20 S. Ct. 62, 44 L. Ed. 109; Buck v. Lester (D. C.) 24 F.(2d) 877; Witmark & Sons v. Calloway (D. C.) 22 F.(2d) 412; Irving Berlin, Inc., v. Daigle (C. C. A. 6th Ct., filed April 2, 1929) 31 F.(2d) 832.

Accordingly, a decree will be prepared and submitted by plaintiffs' counsel awarding damages of $250, the minimum amount named in the act, on each of the two causes of action, for a permanent injunction, and for attorney's fees in the sum of $100 and costs.