## PENNSYLVANIA R. CO. v. SHANNON.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1929.

No. 5170.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellant.

Metcalfe & Cannon, of Youngstown, Ohio, for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge. In 1919 appellee was in the employ of appellant as a brakeman. On June 16th of that year he made application for membership in the Relief Fund of appellant's Volunteer Relief Department. This application was in the prescribed form. It contained the provision that appellee acknowledged, consented, and agreed that any untrue or fraudulent statement made by him to the medical examiner or any concealment of facts in the application should forfeit his membership in the Relief Fund and all benefits, rights, or equities arising therefrom with certain immaterial exceptions. Appellee, as required, made certain statements in writing to the medical examiner. Among other formal questions submitted was the following: "21. Have you ever received any injury and what?" He answered, "No."

He was accepted and became a member of the Relief Fund. He became ill in February, 1920. The manifestations of his disease were very unusual. He stated to his physician that in September, 1918, while employed by the Baltimore & Ohio Railroad Company, he had been thrown from the top of a box car to the ground and had fallen upon his head. Based upon the diagnosis of his physician, he attributed his condition to this accident, and on July 30, 1920, brought suit against the Baltimore & Ohio Railroad Company for damages. This suit lingered until January 16, 1924, when the Baltimore & Ohio Company paid appellee $1,500 in settlement. The settlement seems to have been at what is called in the record "nuisance value"; that is to say, the railroad company took the view that from an economic standpoint it was cheaper to settle than to litigate.

Appellant paid Shannon benefits from the time he became ill in February, 1920, until January, 1922, when it ceased payment, and the superintendent of the Relief Department canceled appellee's membership. This action was upon the ground that the pleadings in the suit against the Baltimore & Ohio Company had disclosed that appellee, in answering question 21, had misrepresented and concealed the injury resulting from his fall from the box car and had thus forfeited his membership in the Relief Fund according to the terms of his application. An appeal to the advisory committee of the Relief Department resulted adversely to appellee, and thereupon, denying that he was guilty of misrepresentation or concealment, he brought this action to revoke the cancellation of his membership and to restore him to his rights thereunder. It is not claimed that the action of the advisory board bars any suit.

The District Judge heard the case as a suit in equity and rendered a decree for appellee. He states that he was favorably impressed with the frank answers given by appellee on the witness stand, and he found that appellee did not at the time he filed his application for relief fraudulently misrepresent his physical condition. We concur. The findings of fact by the trial court in an equity suit will not be lightly disturbed. L. A. Westermann Co. v. Dispatch Printing Co., 233 F. 609, 611 (C. C. A. 6).

The weight of the evidence is that the answer, "No," to question 21 was substantially true. The law does not contemplate the disclosure of slight or trivial injuries. Manufacturers' Accident & Indemnity Co. v. Dorgan (C. C. A. 6) 58 F. 945, 955, 22 L. R. A. 620. The fall naturally caused a concussion more or less severe, and some attendant bruising, but there was no laceration or fracture. Shannon regained his normal physical condition too quickly to dignify the result of his fall as an injury (case, supra) or to bring his answer within the "stipulated forfeiture breach." Hartford Fire Insurance Co. v. Jones (C. C. A. 6) 15 F.(2d) 1, 3.

The evidence is that after he fell or was thrown from the car on September 12, 1918, he finished his day's work and continued to work for the Baltimore & Ohio Company for a year or more thereafter; that he then left the Baltimore & Ohio Company, but during the interval before he began work with appellant he worked for the Pittsburgh & Lake Erie Railroad, Republic Iron & Steel, and the New York Central. He never made any report of his injury at the time he fell, nor did he make any claim against the Baltimore

& Ohio Company until he brought suit. He worked regularly for appellant from June 16, 1919, until his illness in February, 1920. He states that before he became ill he was not conscious of any injury resulting from the accident on the Baltimore & Ohio; that he never thought of any injury to himself at the time he made application for membership in the Relief Fund, but that after he became ill, based solely upon the diagnosis of his physician, he attributed his illness to the accident in 1918, and on July 30, 1920, he sued the Baltimore & Ohio Company to recover damages. In that case he filed an original petition and four amended petitions. The averments of those petitions as to his injuries received in the accident of 1918 verified by affidavit are stressed by appellant as establishing the falsity of appellee's answer, "No," to question 21. The averments in the last amended petition are typical of the others. They are that he received a fracture of the skull, causing a severe concussion of the brain and a blood clot; that his mind became deranged from the effects of which he still suffers from sleeplessness, dizziness, and loss of appetite; that the sympathetic nerve centers were affected, causing a partial paralysis of both sides of his body and loss of control of the muscles of his mouth, face, and neck; and that he had been caused to suffer from nervousness and a general weakened physical condition. But it must be kept in view that these statements were not made positively. They were all made as true as appellee "verily believes," and his belief was nothing more than his opinion based upon the diagnosis of his physician and before the true nature of his disease had been definitely ascertained. This was necessarily so because as to such matters involving medical skill and learning he could have had only an opinion. Knights of Honor v. Dickson, 102 Tenn. 255, 260, 52 S. W. 862.

After suit was brought against the Baltimore & Ohio Company, its physicians as well as the physicians of appellant interested themselves to ascertain the true cause of appellee's illness. He co-operated with them wholeheartedly. He was examined by eminent physicians in at least three well-recognized hospitals, all of whom pronounced his disease as sleeping sickness, or encephalitis, resulting from sleeping sickness. The settlement with the Baltimore & Ohio Company was made in the light of such disclosure.

In addition to the defense based on misrepresentation and concealment, appellant invokes the aid of the maxim that "he who comes into equity must come with clean hands," and insists that the court close its doors against appellee because his conduct was characterized by bad faith not only in answering, "No," to question 21, but in accepting satisfaction from the Baltimore & Ohio Company for an injury which it never inflicted. This is not available as a defense here. We agree with the District Judge that the appellee was guilty of no wrongdoing toward appellant touching the matter in litigation between them and a court of equity will not withhold redress to appellee upon any such basis, if it exists, as that his conduct toward the Baltimore & Ohio Company has not been altogether blameless. It is sufficient that appellee has acted fairly toward appellant in the matter of his membership in the Relief Fund. Pomeroy's Eq. Jurispr. vol. 1, § 399, p. 741; Bentley v. Tibbals, 223 F. 247, 252 (C. C. A. 2); Camors-McConnell Co. v. McConnell, 140 F. 412, 417 (C. C.) affirmed in 140 F. 987 (C. C. A. 5); Knapp v. S. Jarvis Adams Co., 135 F. 1008, 1010 (C. C. A. 6).

The decree of the District Court is accordingly affirmed.