**VITAGRAPH, Inc., et al. v. GROBASKI et al.**

**FIRST NATIONAL PICTURES, Inc., v. SAME.**

**PARAMOUNT PUBLIX CORPORATION v. SAME.**

**Nos. 543, 542, 541.**

District Court, W. D. Michigan, N. D.

Jan. 13, 1931.

Ben Koenig, of Milwaukee, Wis., for plaintiffs.

Leo J. Brennan, of L'Anse, Mich., for defendants.

RAYMOND, District Judge.

These are copyright infringement suits, the relief sought being injunctions and damages pursuant to the copyright laws of the United States. The claim in general in each suit is that defendants, who were licensed to exhibit various copyrighted motion pictures on specified dates, used the same beyond the license period without permission. Subsequent to the filing of answers, decisions of the United States Supreme Court in the cases of United States v. First National Pictures, Inc., et al., 51 S. Ct. 45, 75 L. Ed. ——, and Paramount Famous Lasky Corp. et al. v. United States, 51 S. Ct. 42, 75 L. Ed. ——, were handed down, in which it was held that the standard exhibition contract conflicts with the Sherman Act (15 USCA §§ 1–7, 15) and that the obvious purpose of the arrangement therein provided for is to re-

strict the liberty of those who have representatives on the film boards and secure their concerted action for the purpose of coercing certain purchasers of theaters by excluding them from the opportunity to deal in a free and untrammeled market. Thereupon motions to dismiss were filed in the above cases which have been argued and submitted, the principal grounds of the motions being that the exhibition contracts referred to in the bill of complaint are illegal and void under the Sherman Act and that the standard exhibition contracts were executed without a valid consideration. At the same time there was called up for hearing and argument as a motion the allegation in the answer that the bill of complaint is defective for want of proper parties. Other objections discussed in briefs of counsel but not set forth in the motions are the failure to verify the bills of complaint; the claim that the copyright law does not apply to exhibitors of motion pictures; that this court of equity has no jurisdiction to enforce the penalty provided by the copyright law; laches; that plaintiffs are in court with unclean hands; that First National Pictures, Inc., is not authorized to do business in Michigan; and that a proper construction of the phrase "consecutive days" used in the contract renders defendants immune from liability in this suit.

■ The practice which prevails in the federal courts in disposing of motions to dismiss is to overrule the motion and to allow the case to go to hearing unless it is made absolutely clear that taking all the allegations of the bill of complaint to be true it must be dismissed at the hearing. The court should not attempt to determine doubtful questions as upon final hearing. Ultimate rights should be decided only when the court is in possession of the materials necessary to enable it to do full and complete justice between the parties. See Eagle Glass & Mfg. Co. v. Rowe, 245 U. S. 275, 281, 38 S. Ct. 80, 62 L. Ed. 286; Wright v. Barnard (D. C.) 233 F. 329; O'Keefe v. New Orleans (D. C.) 273 F. 560; Loughran v. Quaker City Chocolate Co. (D. C.) 281 F. 186.

■ It seems to be quite generally held that illegality of a combination cannot be interposed as a defense to suits for infringement of copyrights, patents, or trade-marks, and that courts of equity will entertain such suits; the general principle being that these suits are regarded as being based not upon contract but upon tort. It is said that the fact that one has entered into some illegal contract does not authorize others to injure him with impunity. See Motion Picture Patents Co. v. Ullman et al. (C. C.) 186 F. 174; Harms v. Cohen (D. C.) 279 F. 276; Coca Cola Co. v. Gay-Ola Co. (C. C. A.) 200 F. 720; Columbia Pictures Corp. v. Bi-Metallic Inv. Co. (D. C.) 42 F.(2d) 873; and Witmark & Sons v. Pastime Amusement Co. (D. C.) 298 F. 470, 480. In the latter case it was said:

"The Sherman Act does not make the party to an interstate monopoly an outlaw. It does not prevent such a party from asserting his rights in the courts. It does not give any person the right to trespass upon the rights of such party, or to deprive him unlawfully of his property. There is no provision in the act divesting the members of combinations in restraint of trade of their property. The illegality of such a combination cannot be tested collaterally. The act itself provides the remedies against the illegal combination and these remedies are exclusive. Geddes v. Anaconda Mining Co., 254 U. S. 590, 593, 41 S. Ct. 209, 65 L. Ed. 425; Wilder Mfg. Co. v. Corn Products Co., 236 U. S. 165, 174, 35 S. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; Paine Lumber Co. v. Neal, 244 U. S. 459, 471, 37 S. Ct. 718, 61 L. Ed. 1256; U. S. v. Babcock, 250 U. S. 328, 331, 39 S. Ct. 464, 63 L. Ed. 1011."

The objection that plaintiffs are members of an illegal combination has been held not to preclude equitable relief (see Pennsylvania Co. v. Bay [C. C.] 138 F. 203; Burrows v. Interborough Metropolitan Co. [C. C.] 156 F. 389) unless the evil practice is present in the particular matter or transaction in respect to which redress is sought (see Delaware R. Co. v. Frank [C. C.] 110 F. 689).

It is argued that in the present cases the contracts must be considered as a whole and that plaintiffs must rely upon all of the text of the same, including paragraph 18 (the arbitration clause) relating to all controversies, including copyright license disputes, arising between the parties to the contract. Examination of the arbitration clause and consideration of the relief prayed for leads to the apparent conclusion that these are not actions to enforce or protect legal rights under the license contracts. Reliance upon the arbitration clause does not now appear indispensable. The denial of the motions upon this ground, however, will be without prejudice, and should it appear upon the hearing that defendants' position is correct they will not be barred from further urging this objection.

Upon the second ground of the motion it appears clear to the court that while the contracts are executory in their nature, the well-recognized legal consideration of a promise for a promise is clearly evidenced therein. No special relief pending suit is prayed for, and the objection that the bill of complaint is not verified is without merit. Neither is the court able to apply so strict a construction to section 25 of title 17 (USCA) as to conclude that it does not apply to exhibitors of motion pictures. No reason is urged, and none occurs to the court, for applying so narrow construction thereto.

The objection that the court has no jurisdiction to enforce the penalty provided by the copyright law seems to have been ruled against defendants' contention in the case of Westermann v. Dispatch Printing Co. (C. C. A.) 233 F. 609; Id., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499. Neither does there appear at this time any ground for the objection that plaintiffs were guilty of laches, that all parties in interest are not before the court, nor that plaintiffs are in court with unclean hands. These objections will, of course, be available to defendants at the conclusion of the case should the record warrant them in again urging these contentions. The same statement applies to the objections that plaintiff First National Pictures, Inc., is unauthorized to do business in the state of Michigan.

It seems to the court likewise that the construction of the words "consecutive days" is one more appropriate for consideration at the conclusion of proofs.

Consideration of the bill of complaint and the propositions of law urged upon the motion result in the conclusion that the case should go to proofs without prejudice to any issue raised by either party touching the motion, the questions presented thereby to be determined after full hearing. An order will accordingly be entered denying the motions in each case without prejudice.