MULLIN et al. v. UNITED STATES, to Use of CHAPIN-HALL
LUMBER CO.

(Circuit Court of Appeals, Second Circuit.   July 10, 1901.)

No. 136.

1. FEDERAL JURISDICTION—ACTION ON BOND FOR GOVERNMENT WORK.

An action on bond for government work, which 28 Stat. 278, c. 280,
requires a contractor to give, conditioned that the contractor shall
promptly pay laborers and material men, and on which such statute
authorized such persons not paid to sue in the name of the United
States for their benefit, is within the provision of Judiciary Act 1875 (18
Stat. 470), brought into Act 1887, corrected by Act 1888 (25 Stat. 433),
giving circuit courts jurisdiction of civil suits "arising under the laws
of the United States," where the matter in dispute exceeds $2,000.

2. SAME—PERSONAL LIABILITY.

One not an obligor on a bond given by a contractor for government
work cannot be held liable for breach of condition in a direct suit on the
bond, though he is an indemnitor of an obligor, and, on the contractor
giving up, takes up, with the consent of all concerned, the completion of
the contract for him.

3. SAME—BENEFICIARIES.

Where R., contractor for government work, gives up, and K., indem-
nitor for an obligor on bond of R., takes up, with the consent of all con-
cerned, the completion of the work under the contract for R., a person
who, having a contract with R. to furnish him materials, keeps on and
furnishes them to K. under his said contract, is within the provision of
the bond given by R., that he should promptly pay all persons supplying
him materials for the work.

4. CONTRACT—CONSTRUCTION.

A contractor gave a bond for benefit of material men, conditioned
for prompt payment.   A person contracted to furnish him material; 80
per cent. of that put in place to be paid for the 1st of each month; the
remaining 20 per cent. to be paid for on completion of the work.   Held,
that the contractor having failed to make the 80 per cent. payments, and
the material men having thereupon refused to proceed under the con-
tract, and treated it as rescinded, the 20 per cent. became due, with the
rest, and could be recovered on the bond before completion of the work.

In Error to the Circuit Court of the United States for the South-
ern District of New York.

Louis Marshall, for plaintiffs in error.
L. Laflin Kellogg, for defendant in error.

Before SHIPMAN, Circuit Judge, and WHEELER and BROWN,
District Judges.

WHEELER, District Judge.   This is a writ of error to review a
judgment of the circuit court on a verdict directed for the defend-
ant against the plaintiff in error in an action on a statutory bond
for government work.   The prosecutor and one of the plaintiffs in
error are citizens of the same state, and one assignment of error
rests upon this, as showing want of jurisdiction.   The statute (28
Stat. 278, c. 280) provides that such a contractor shall "be required
before commencing such work to execute the usual penal bond with
good sufficient sureties, with the additional obligations that such
contractor or contractors shall promptly make payments to all per-

sons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the department under the direction of which said work is being or has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of such contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit, against said contractor and sureties and to prosecute the same to final judgment and execution." This bond was given in pursuance of this statute, and one of its conditions is that the contractor "shall promptly make full payments to all persons supplying him labor or materials in the prosecution of the work provided for in said contract." The judiciary act of 1875 (18 Stat. 470) gave the circuit courts jurisdiction of suits of a civil nature, "arising under the constitution or laws of the United States," where the matter in dispute exceeded, exclusive of costs, the sum or value of $500. This provision was brought into the act of 1887, corrected by that of 1888, where the sum or value, exclusive of interest and costs, exceeds $2,000. 25 Stat. 433. This action is exclusively an action upon the bond, and maintainable only as such by virtue of the statute providing for such a bond, and giving an action upon it to the prosecutor. The suit is therefore distinctively one arising under the laws of the United States, and, as the matter in dispute greatly exceeds $2,000, jurisdiction under these acts is clear. In U. S. v. Henderlong (C. C.) 102 Fed. 2, much relied upon for the plaintiff in error, the matter in dispute was only $1,262.25, which was too small for jurisdiction under this clause of the act of 1887; and it was held that a suit in this form for the use and benefit of a prosecutor was not such a "controversy in which the United States are petitioners or plaintiffs" as to give jurisdiction under that clause, which is not limited by the amount in dispute. That case does not seem to have any bearing upon this. The plaintiff in error Mullin is not an obligor on the bond, and, as this is a suit directly upon the bond, he cannot be held liable for a breach of this condition. The judgment must therefore be reversed as to him. The judgment is separable, and the suit may be discontinued as to him. This makes an examination of the assignments of error in favor of the other plaintiff in error necessary and proper.

Thomas J. Regan was the contractor and an obligor on the bond. Gottfried Krueger, Martin Burne, and M. A. Mullin, one of the plaintiffs in error, were indemnitors of the Fidelity & Deposit Company, the other obligor, and plaintiff in error, for Regan. The Chapin-Hall Lumber Company, the prosecutor and defendant in error, made a contract with Regan in writing for furnishing the materials and labor at agreed prices, and setting forth that:

"Eighty (80) per cent. of amount due for work actually done and material put in place will be paid for on or about the first of each and every month as the work progresses; remaining (20) per cent. upon the final completion

and acceptance of the work by the United States government: provided, that in each of the said cases a certificate shall be produced, signed by the superintendent in charge of construction, for the said party of the first part, to the effect that the work is done in accordance with drawings and specifications, and to the satisfaction and approval of officer in charge of work for the said U. S. government."

Regan gave up, and, with the consent of all concerned, Krueger, Burne, and Mullin took up the completion of the works under the contract with the government for him; and the Chapin-Hall Lumber Company kept on and furnished the materials and labor to them under the contract with Regan. Question is made whether this furnishing of materials and labor is covered by the bond. The statute required the obligation of the bond to be, and that of this bond is, that Regan should promptly make payment to all persons supplying him labor or materials for the prosecution of the work. The Chapin-Hall Lumber Company comes within the description. It supplied materials and labor for the prosecution of the work, under contract with him, to those who by agreement of all rightly stood in his place. This was supplying him, within the terms of the bond, and what was so supplied and not promptly paid for would be recoverable on the bond. The circuit court seems to have been quite right in holding that the certificates showing the amount of labor and materials for which 80 per cent. was due showed equally well the amount for which the remaining 20 per cent. would become due, which would be "upon the final completion and acceptance of the work," which had not elapsed when this suit was brought. Payment when due is prompt payment; and by the terms of the contract none of the 20 per cent. would have then become due for labor and materials supplied under the contract if it had been fulfilled by the contractor, and there would have been no breach of the bond as to this. But there had been successive failures to make payment of the 80 per cent. according to the contract, and the prosecutor appears to have thrown it up for these failures, and to have claimed that the 20 per cent. on all the certificates thereby became due. There is no provision in the contract that any failure to pay should make any installments due that were not otherwise due, but the provisions for furnishing the labor and materials and for payment of the 80 per cent. are reciprocal, and such failure would of itself be such a breach by the contractor as to justify the contractor in refusing to proceed under it, and treating it as rescinded, which was done. Then there was no provision left postponing the payment of the 20 per cent., and that became due with the rest. Construction Co. v. Seymour, 91 U. S. 646, 23 L. Ed. 341. The case was tried upon an answer setting up that the prosecutor had "been paid any and all sums to which it may at any time have been entitled from the defendants or either of them." Upon the undisputed facts, this issue could be found only for the plaintiff, and such a finding was properly directed by the court to include the 20 per cent. furnished and not paid for, which had become at once due, as well as for what had been furnished on which nothing had been paid. Prompt payment had not been made, and the verdict was properly made to include the surety company. American Bonding

& Trust Co. v. U. S., 15 App. D. C. 397. If the contractors would have retained the 20 per cent. for security for completion of the contract by the prosecutor, they should have fulfilled on their part by making the payments required of them, which might be necessary to enable the prosecutor to fulfill. If they had been made, the prosecutor would have been in fault for want of fulfillment, and the contractors could have completed the work at the expense of the prosecutor, and have relied upon the 20 per cent. for reimbursement. As it was, the failure of the prosecutor to fulfill fell back upon the failure of the contractors.

Some special questions are raised as to payments made by the contractor to others instead of to the prosecutor, which were disallowed for want of authority from the prosecutor to make them, and otherwise. That all the labor and materials estimated for and certified to were actually furnished was expressly admitted, and that all the rest recovered for was proved without contradiction by the certifying officer. That any which was recovered for had been paid for to the prosecutor is not claimed, except as to an alleged mistake in taking figures from the certificates and receipts, and every allowance about which there was any dispute of fact appears to have been made in favor of the defendants. Therefore further reference to them in detail here seems unnecessary. The alleged mistake arises upon the certificate and receipt of January 5, 1898, for December before,—Exhibit X,—which might be construed as showing that $625.04 had been previously paid that was not reckoned. This was peculiarly within the knowledge of the contractors, who had the certificates and receipts, but it appears to have escaped attention, and no exception was taken applying to this item; and the mistake in respect to it, if any, cannot be corrected here. Interest upon the 20 per cent. was objected and excepted to, but it does not appear to have been allowed for any time before the principal became, by breach of the contract, due and recoverable. After that it was an incident to the amount due, for which payment was assured by the bond. Judgment against Fidelity & Deposit Company affirmed, with costs.