# AMERICAN SECURITY AND TRUST COMPANY *v.* COMMISSIONERS OF THE DISTRICT OF COLUMBIA.

**PETITION FOR A WRIT OF ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.**

Submitted April 15, 1912.—Decided April 29, 1912.

The jurisdiction of this court to reëxamine final judgments or decrees of the Court of Appeals of the District of Columbia under § 250 of the Judicial Code of March 3, 1911, 36 Stat. 1087, c. 231, in cases in which the construction of a law of the United States is drawn in question, does not extend to cases where the act of Congress construed by that court is a purely local law relating to the District of Columbia, but only extends to those having a general application throughout the United States.

In construing a statute the same phrase may have different meanings when used in different connections.

Section 250 of the Judicial Code should be strictly construed, as the intent of Congress was to relieve this court from indiscriminate appeals where the amount involved exceeded $5,000.

All cases in the District of Columbia arise under acts of Congress; and to so construe § 250 of the Judicial Code as to include the case at bar, because the construction of a local street extension act was involved, would largely and irrationally increase the appellate jurisdiction and the statute will not be construed so as to include such cases even if within its literal meaning. *Holy Trinity Church* v. *United States*, 143 U. S. 437.

Writ of error to review 40 Washington Law Reporter, 34, denied.

THE facts, which involve the construction of the provisions of the Judicial Code of March 3, 1911, in regard to appeals to this court from the Court of Appeals of the District of Columbia, are stated in the opinion.

*Mr. Wm. G. Johnson* for petitioner:

The jurisdiction of this court to review the judgment of the Court of Appeals is based upon § 250, Judicial Code, providing that any final judgment or decree of the Court

of Appeals of the District of Columbia may be reëxamined and affirmed, reversed, or modified by this court upon writ of error or appeal, when the construction of any law of the United States is drawn in question by the defendant.

Upon this provision of the statute but two questions can arise affecting the jurisdiction of this court; namely, (1) was the construction of the above-recited statutes drawn in question by the defendant, and (2) are those statutes within the descriptive words "any law of the United States," as those words are used in § 250 of the Judicial Code.

In this case the construction of the statutes was drawn in question by the defendants.

The statute is, itself, an instruction to the jury, and the instruction objected to by defendants and the one asked by defendants, of necessity, drew in question the construction of the statute.

The words "any law of the United States" embrace the statutes, the construction of which was drawn in question in this case.

The two acts of Congress, the construction of which was drawn in question in this case, are laws of the United States. Every legislative act of the Congress, whether local or general, is a law of the United States, and is so defined in the Constitution.

While it is freely conceded that the word "any" like other words, may have a greater or less extensiveness, according to the intent with which it is used, still, in general, it embraces each and every object in the class to which it is applied. *United States* v. *Palmer*, 3 Wheat. 610; *Collector* v. *Hubbard*, 12 Wall. 1.

Uniformity of statutory construction is not the object or effect of the statute.

The appellate jurisdiction conferred upon this court by clause 6 of § 250, novel in the legislation of Congress on the subject of appellate jurisdiction, and extending to but

one court in the entire judicial system of the Nation, cannot, by any possibility, even tend to produce uniformity of decisions as to the construction of laws of the United States of national application. Being wholly unadapted and incompetent to produce uniformity of decision, the clause in question cannot properly be said to have been framed with that object, in the absence of any such declared purpose in the statute, and the inference, that the clause should be confined to general statutes of the United States as distinguished from those of purely local application, based, as it is, upon that supposed purpose of the legislature, is without foundation. See *Parsons* v. *Dist. of Col.,* 170 U. S. 45; *Balt. & Pot. R. R.* v. *Hopkins,* 130 U. S. 210.

Nor is the relief of this court involved; whether this was the intention of the act admits of serious question. No such purpose is declared in the statute and it is not to be inferred from provisions expressly conferring additional appellate jurisdiction upon this court.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an application for a writ of error to the Court of Appeals of the District of Columbia under the new Judicial Code. Act of March 3, 1911, c. 231. 36 Stat. 1087. The Court of Appeals denied the writ. Thereupon application was made to the Chief Justice. He referred it to the court. Briefs were called for and one was submitted by the applicants. It now is to be decided whether the writ should be allowed.

By § 250 of the Code any final judgment or decree of the Court of Appeals may be reëxamined 'in the following cases: . . . Sixth. In cases in which the construction of any law of the United States is drawn in question by the defendant.' This is the clause relied upon. The case was a suit for the condemnation of land brought by the Commissioners under a special act of

February 6, 1909, c. 75, 35 Stat. 597, for the extension of
New York Avenue. By that act the procedure was to
follow subchapter one of chapter fifteen of the District
Code, which provides among other things for the separate
assessment of benefits. Act of March 3, 1901, c. 854.
31 Stat. 1189, 1266. The jury were instructed that by the
extension of the avenue they were to understand its es-
tablishment, laying out and completion for all the ordi-
nary uses of a public thoroughfare. The applicants con-
tended that, as there was no present provision for grading,
paving, laying water mains or sewers, or otherwise open-
ing the avenue to traffic, any advantage that would ac-
crue from such improvements if made must be disre-
garded; and so they say that they drew the construction
of the special act and perhaps of the Code in question,
and that these were laws of the United States.

We do not stop to consider whether any question of
construction properly can be said to have been raised,
rather than a question of general law in the application of
words that were colorless so far as the point in controversy
was concerned. It might not be just to assume that the
general averment of the application was not justified by
exceptions more clearly turning on the construction of the
local laws than the example given in the brief. The
ground on which the writ was refused by the Court of
Appeals was that the words quoted from § 250 should not
be construed to apply to the purely local laws of the Dis-
trict, and with that view we agree.

Of course there is no doubt that the special act of Con-
gress was in one sense a law of the United States. It well
may be that it would fall within the meaning of the same
words in the third clause of the same section: 'Cases in-
volving the constitutionality of any law of the United
States.' *Parsons* v. *District of Columbia,* 170 U. S. 45.
But it needs no authority to show that the same phrase
may have different meanings in different connections.

Some reasons for strict construction apply here. We are entirely convinced that Congress intended to effect a substantial relief to this court from indiscriminate appeals where a sum above $5,000 was involved, and to that end repealed the former act. See *Carey* v. *Houston & Texas Central Ry. Co.*, 150 U. S. 170, 179. *Cochran* v. *Montgomery County*, 199 U. S. 260, 272, 273. But all cases in the District arise under acts of Congress and probably it would require little ingenuity to raise a question of construction in almost any one of them. If, then, the words have the meaning given them by the applicants the appellate jurisdiction of this court has been largely and irrationally increased. We believe Congress meant no such result.

A well-known example of construing a statute not to include a case that indisputably was within its literal meaning, but was believed not to be within the aim of Congress, is *Church of the Holy Trinity* v. *United States*, 143 U. S. 457; we may refer further to *Cochran* v. *Montgomery County, ubi supra*. In the case at bar if the words 'construction of any law of the United States' are confined to the construction of laws having general application throughout the United States the jurisdiction given to this court by § 250 is confined to what naturally and properly belongs to it. If they are construed the other way it would have been less arbitrary to provide that every question of law could be taken up. That they were not to be understood as the applicant contends is to be inferred not only from the sense of the thing but from clause first: 'In cases where the jurisdiction of the trial court is in issue,' with provision for certifying that question alone. It is difficult to imagine a case in which the jurisdiction of the trial court is in issue where the construction of a special law of the United States would not be drawn in question.

*Writ of error denied.*