Graham, Judge,
delivered the opinion of the court:
The revenue act of 1918, 40 Stat. 1122, sec. 900 (9), taxed “ candy ” at 5 per cent of the price at which sold, and the act of 1921, 42 Stat. 291, sec. 900 (6), taxed “ candy ” at 3 *96 per cent of the price at which sold. These are the applicable statutes in this case.
There is no dispute about the amount of the tax paid.
The statutes authorized the commissioner to make proper regulations for carrying them into effect. This was necessary because it was impracticable for Congress to provide general regulations for the various details of statutes of this kind, and while it may be difficult at times to define the line which separates the legislative power to make laws and administrative authority to make regulations, that question is not involved here.
The plaintiff’s product is admitted to be within the regulations (see Findings X and XI) of the commissioner defining “ candy,” and there is therefore no question about the meaning of the regulations. The only question is whether the regulations are in violation of the express provisions of the statutes, and, if not, whether they are reasonably adapted to the enforcement of the acts and in conformity with their purpose and spirit. See Maryland Casualty Co. v. United States, 251 U. S. 342, 349. If they are in reasonable conformity with the acts and not in violation of their express provisions, they will have the force of law. The plaintiff’s product being within the terms of the regulations and taxable, the burden of showing that the regulations are not in conformity with the statutes is, upon the plaintiff; in other words, the burden is not upon the defendant to show that the plaintiff’s product is candy as it is defined in the regulations, but upon the plaintiff to show that it is not, or, more broadly stated, that the burden is on the plaintiff “ to prove the facts establishing the invalidity of the tax.” United States v. Anderson, 269 U. S. 422, 443. Doubt as to the meaning of a word can be removed by considering the general purpose and intent of a statute. See American Security & Trust Co. v. District of Columbia, 224 U. S. 491.
It is also true that the findings of administrative officers and their practice are presumed to be based upon conclusions which are the result of investigation. Congress having used the word “ candy ” without definition, it becomes necessary as an administrative act for the Commissioner of Internal Revenue to define it by regulations for the informa *97 tion of taxpayers. The representatives of the manufacturers of candies, confections, sweetmeats, etc., were before Congress prior to the passage of these acts and were heard. The clerk of the House Ways and Means Committee, where these hearings took place, was a Mr. Walker, who at the time of the making of the regulations (see Findings X and XI) defining “ candy ” was Deputy Commissioner of Internal Revenue, and by reason of his service as clerk was generally acquainted with what took place before the committee. The Deputy Commissioner of Internal Revenue and the manufacturers had a conference, and the representative of the National Confectioners Association, which embraced about four-fifths of the manufacturers of candies, candied fruits, nuts, pop corn, and similar articles had conferences with Mr. Walker before, and was present at, the hearing where the Commissioner of Internal Revenue was represented by Mr. Walker, deputy commissioner, the Solicitor of Internal Revenue, and one of the attorneys in his office. After the hearing the regulations (Findings X and XI) embodying the definition of “ candy ” were promulgated by the commissioner. This definition is in substantial conformity with a definition suggested at the hearing by the National Confectioners Association. So that it clearly appears that this definition was not reached until after careful hearing and consideration, which must' necessarily increase the presumption as to its reasonableness. That it is not in conflict with the express language of the acts is clear. But, more than this, a reading' of both acts, and particularly section 900 of each, above mentioned, shows that the purpose of these sections was to tax luxuries, that is, to tax articles the use or consumption of which would ordinarily be considered indulgence in a luxury rather than a necessary article of food.
A description of the product and the process of its manufacture we think shows that its consumption is indulgence in a luxury. The plaintiff’s product, known as Cracker Jack, consisted of pop corn mixed with a syrup, which after cooking crystallized. The syrup consisted of dissolved sugar, corn syrup, and molasses. It was cooked for a short time, and to it, while cooling*, was added a small quantity *98 of peanuts. After further cooking, this mixture of syrup and peanuts was poured into a tub- containing pop corn and stirred and the mixture placed in reels where it was allowed to cool. The process of mixing and cooling was of such character that after cooling, each kernel of pop corn was separated from the mass, but as separated had a coating of crystallized syrup. It was then automatically boxed in an air and moisture tight wax paper carton and in this form sold. The proportions of the mixture were as follows: Popped corn 32.9%; peanuts, 8.3%; sugar, corn syrup, and molasses, 58.8%. It will be seen that this product is of the same kind and class as peanut brittle, candied fruit, and similar articles.
We are of the opinion that the purchase and consumption of this product were indulgence in a luxury as distinguished from a necessary article of food, and that the regulations (Findings X and XI) defining it as candy were reasonable in their provisions and in conformity with the spirit and intent of the acts, and further that it has not been satisfactorily shown that the product is not “ candy ” within the intent of the statutes, the burden of so- doing being upon the plaintiff.
The plaintiff’s petition should be dismissed, and it is so ordered.
Sinnott, Judge; Green, Judge; Moss, Judge; and Booth, Chief Justice, concur.