## ROGGE v. MICHAEL DEL BALSO, Inc., et al.

District Court, S. D. New York.

March 9, 1936.

Lawrence R. Condon, of New York City (Lawrence R. Condon and Osborne A. McKegney, both of New York City, of counsel), for plaintiff.

John P. Smith, of New York City, for defendant Michael Del Balso, Inc.

Bandler, Haas & Collins, of New York City, for defendant Michael Del Balso.

Caverly, Dimond, Barton & O'Gorman, of New York City, for defendant Fidelity & Casualty Co. of New York.

George L. Naught, of New York City, for defendant American Surety Co. of New York.

Albert J. Hiers, of New York City, for defendant New Amsterdam Casualty Co.

PATTERSON, District Judge.

The case was removed from the New York Supreme Court. The plaintiff moves for remand.

The complaint is in three counts. In the first it is set forth that the defendant Michael Del Balso, Inc., had a contract with the District of Columbia to build a sewer; that the plaintiff's intestate, while working for a subcontractor on the job, was killed through the negligence of Michael Del Balso, Inc., and Del Balso individually; and that the cause of action is brought under the Death Act for the District of Columbia, a law enacted by Congress on February 17, 1885 (23 Stat. 307). Damages of $10,000 are demanded against the two Del Balsos, that figure being the limit of recovery under the act.

The second count is likewise against the two Del Balsos and is also for the death of the plaintiff's intestate, but the asserted ground of liability is contract rather than tort. It is alleged that the defendants Del Balso made a contract with the decedent to use care in maintaining a certain cement mixer in good condition; that they failed to use due care in certain respects; that by reason of their breach of contract the decedent was killed, with damages of $100,000.

The third count is against the defendants Del Balso and the defendant surety companies and is based on a performance bond executed by them running to the District of Columbia. It is alleged that the condition of the bond was that Michael Del Balso, Inc., would truly perform the contract with the District of Columbia, that it did not perform in that it did not exercise reasonable care toward the decedent, and that the plaintiff has been damaged in the sum of $100,000.

The case was removed to this court on petition of the defendants, setting up that the first and third causes of action arose under laws of the United States.

█ 1. The first cause of action, one in tort for wrongful death under the Act of

Congress of February 17, 1885 (23 Stat. 307, c. 126), is clearly a suit arising under the laws of the United States, within the meaning of the removal statute. Judicial Code, § 28, 28 U.S.C.A. § 71. The Death Act is pleaded and is the foundation of the asserted liability. A suit of this character is one "arising under" laws of the United States and is removable. McGoon v. Northern Pacific R. Co., 204 F. 998 (D.C.N.D.); Alabama G. S. R. Co. v. American Cotton Oil Co., 229 F. 11 (C. C.A.5); Hartford Fire Ins. Co. v. Kansas City R. Co., 251 F. 332 (D.C.Tex.). See, also, Great Northern R. Co. v. Alexander, 246 U.S. 276, 280, 38 S.Ct. 237, 62 L.Ed. 713.

The fact that the act of Congress under which this cause of action arises is an act local to the District of Columbia is of no consequence. Laws made by Congress for the District of Columbia are laws of the United States. Cohens v. Virginia, 6 Wheat. 264, 447, 5 L.Ed. 257; Lyons v. Bank of Discount, 154 F. 391 (C.C.N.Y.). A case in point is Clark v. Southern Pacific Co., 175 F. 122 (C.C.Tex.). There the action was brought to recover damages for injuries and was based on the portion of the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) applicable to railroads in the territories, District of Columbia, and Canal Zone. The suit was removed to the District Court, this being prior to the 1910 amendment (36 Stat. 291) prohibiting removal of such cases. Motion to remand was denied. The act, though applicable only to the territories and District of Columbia, was found to be a law of the United States within the scope of the removal act.

To be sure, it was held in American Security & Trust Co. v. Commissioners, 224 U.S. 491, 32 S.Ct. 553, 554, 56 L.Ed. 856, that the clause in section 250 of the Judicial Code, 36 Stat. 1159 (now repealed), to the effect that the Supreme Court should review final judgments or decrees of the Court of Appeals of the District of Columbia in cases "in which the construction of any law of the United States is drawn in question," did not refer to laws relating only to the District of Columbia. But the court put the restricted interpretation on the words "law of the United States" for reasons applicable peculiarly to that act, and made it clear that normally the words had a broader meaning.

■ 2. The third cause of action, that on the bond given to the District of Columbia for completion of the public improvement, is also one arising under a law of the United States. That bond was made pursuant to Act of Congress of September 1, 1916 (39 Stat. 688), amended by Act of July 7, 1932, 47 Stat. 608, D.C. Code Supp. I, 1933, T. 20, § 47, reference to which is made in the excerpt from the bond quoted in the complaint. This statute is the counterpart of the Heard Act (40 U.S.C.A. § 270), and provides not only for the giving of the bond on public improvements in the District of Columbia, but also for the remedies to enforce the bond. The claim made by the plaintiff, to the effect that the bond covers not merely liabilities to materialmen and laborers but also damages for death, involves a serious question as to construction and effect of the bond and the statute under which the bond was delivered. A suit wherein claim is made under a bond furnished pursuant to a law of the United States arises under a law of the United States and is removable. Feibelman v. Packard, 109 U.S. 421, 3 S.Ct. 289, 27 L.Ed. 984; Bock v. Perkins, 139 U.S. 628, 11 S.Ct. 677, 35 L. Ed. 314; Mullin v. United States, 109 F. 817 (C.C.A.2); United States v. Axman, 152 F. 816 (C.C.Cal.).

■ 3. The second cause of action is for breach of contract and presents no federal aspects. It remains to determine the effect of the joinder of this count with the others. There is authority to the effect that the presence of a nonfederal cause of action in a suit compels a remand of the entire case. Tullar & Tullar v. Illinois Central R. Co., 213 F. 280 (D.C.Iowa). There is authority at the other extreme, to the effect that on removal the entire suit remains in the federal court. Strother v. Union Pacific R. Co., 220 F. 731 (D.C. Mo.); Bedell v. Baltimore & Ohio R. Co., 245 F. 788 (D.C.Ohio). The rule now recognized in this circuit is to sever the causes of action where they are pleaded as separate and distinct causes of action, retaining those that are removable in character and remanding those that are not within the federal jurisdiction. Young v. Southern Pacific Co., 15 F.(2d) 280 (C.C. A.2); Tillman v. Russo Asiatic Bank, 51 F.(2d) 1023 (C.C.A.2); Hammer v. British Type Investors, Inc., 15 F.Supp. 497, decided by this court January 20, 1933. While in a sense the second cause of ac-

tion presents only an alternate ground of recovery for the same injury as alleged in the first, it is framed as a separate and independent count, and the rule of severance and remand covers it.

The motion to remand will be denied, except as to the second cause of action. The second cause of action will be severed from the others and remanded to the state court.