THE PEOPLE OF PUERTO RICO, Plaintiff, v. CENTRAL AGUIRRE ASSOCIATES ET AL., Defendants.

No. 9. Argued July 26, 1941.—Decided August 2, 1941.

*Charles R. Hartzell* and *Rafael O. Fernández* for Central Aguirre Associates, Central Aguirre Sugar Company, and Central Ma-

chete Company. *Fernando Beiró Rovira* for Luce & Company, *S. en C.*, *Emilio de Aldrey, Acting Attorney General, Miguel Guerra Mondragón, Rafael Rivera Zayas,* and *Luis Venegas Cortés* for The People.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Central Aguirre Associates, Central Aguirre Sugar Company, Central Machete Company, and Luce & Company, *S. en C.*, defendants herein, filed a motion for the removal of the cause herein to the United States District Court for Puerto Rico. After hearing the parties on July 15, 1941, upon the propriety of the removal sought, they were granted until the 26th of the same month for filing briefs, which they did; and the question was finally submitted for decision.

The defendants base their motion exclusively on the ground that the *quo warranto* proceeding brought in the instant case "is a suit of a civil nature, at law, arising under the Constitution or laws of the United States," within the meaning of Section 28 of the U. S. Judicial Code, which in its pertinent part provides:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. . . ."

Although the defendants in their motion for removal alleged that the present suit arises "under the Constitution, especially Article V of the Amendments thereto, and the laws of the United States, and especially Joint Resolution No. 23 of the 56th Congress, approved May 1, 1900 . . . (the so-called 500 Acres Law) and the Act of Congress generally known as the Organic Act of Puerto Rico, 39 Statutes at Large, Title 48 U.S.C.A., sec. 752," it is a fact that in their

oral argument as well as in their brief, they failed to discuss the application to or enforcibility in Puerto Rico of the Fifth Amendment to the Constitution, and confined themselves to an attempt to show that the Joint Resolution or 500 Acres Law is one of the laws of the United States within the meaning of Section 28 of the Judicial Code, *supra.* We do not know, therefore, the grounds relied upon by the defendants for their contention that the Fifth Amendment to the Constitution is in force in Puerto Rico. [2] We think, however, that until the Congress of the United States shall have made an express declaration setting forth a different policy from that expressed in the legislature heretofore enacted by it, the Constitution of the United States is not in force *ex proprio vigore* in Puerto Rico, as has been held by the United States Supreme Court in the case of *Puerto Rico* v. *Tapia* and *Puerto Rico* v. *Muratti,* 245 U. S. 639, and *Balzac* v. *Puerto Rico,* 258 U. S. 298. In the latter case said Supreme Court, through Mr. Chief Justice Taft, affirmed the above two cases, and expressly held that neither the Fifth and Seventh Amendments to the Constitution, nor the latter in its entirety, was applicable to Puerto Rico, because it was not the intention of the Congress of the United States, when approving the Organic Act of Puerto Rico in 1917, to incorporate Puerto Rico into the United States.

■ As to the second ground of the motion for removal, that is, that the Joint Resolution of May 1, 1900, known as the 500 Acres Law, embodied in Section 39 of the Organic Act now in force, enacted in 1917, is a law of the United States within the meaning of Section 28 of the United States Judicial Code, *supra,* the point has been settled adversely to the contention of the defendants both by this court and by the United States Supreme Court.

In *People* v. *South Porto Rico Sugar Co.,* 54 P.R.R. 122, it was said:

". . . The point to be determined is whether Joint Resolution No. 23 of May 1, 1900, and our Organic Act of 1917, even though they are laws enacted by the Congress of the United States, can be considered, because of their local nature, as laws of the United States for the purpose of removal to the Federal Court; or, if, on the contrary, owing to their purely local nature and character, they should be considered for such purposes as Puerto Rican statutes which do not give grounds for removal.

"The question is not new in this jurisdiction. This court, in a similar case (*People* v. *The Fajardo Sugar Co. of P. R.*, 50 P.R.R. 156), in an opinion of Mr. Chief Justice Del Toro, expressed its views on this point as follows:

" 'The Organic Act as a whole shows that Congress was establishing a territorial form of government, endowed with the same control over the corporations created by it or doing business within its limits as might be possessed by a state or any other territory. Consequently, since the franchises are granted by Puerto Rico and its Government has control over the corporations existing within its limits, the inference is unavoidable that a violation of the franchise or the holding of land in excess of five hundred acres is a local question. It is inconceivable that violations of a corporate charter or of the Organic Act should be excluded from the control of Puerto Rico. It might be equally possible to say that a violation of the so-called 'bill of rights' is a matter of exclusive federal jurisdiction, and similarly in regard to any other provision of our Organic Act.'

"Enlarging upon the views of Mr. Chief Justice Del Toro, we might add that if we adopted the view of defendants, we would be led to the absurdity of holding that every time it is alleged in any case before our courts that a local law violates the constitutional clause in regard to 'due process of law' or 'equal protection of laws,' or any other of the constitutional limitations to be found in section 2 of our Organic Act, a federal question arises and if the amount in controversy exceeds $3,000, the defendant is entitled to a removal to the District Court of the United States for Puerto Rico.

"Undoubtedly, Congress could not have had in mind such an absurd situation."

The Supreme Court of the United States, in *Puerto Rico* v. *Rubert Hermanos, Inc.*, 309 U. S. 543, speaking through Mr. Frankfurter said:

"There remains for consideration an objection based on Sec. 256 of the Judicial Code (28 U.S.C., Sec. 371). That section vests in 'the courts of the United States . . . exclusive of the courts of the several States' jurisdiction of all suits 'for penalties and forfeitures incurred *under the laws of the United States.*' Whether a law passed by Congress is a 'law of the United States' depends on the meaning given to that phrase by its context. A law for the District of Columbia, though enacted by Congress, was held to be not a 'law of the United States' within the meaning of Sec. 250 of the Judicial Code. *American Security Co.* v. *District of Columbia,* 224 U.S. 491. *Likewise, we hold that Sec. 39 of the Organic Act is not one of 'the laws of the United States' within the meaning of Sec. 256. Section 39 is peculiarly concerned with local policy calling for local enforcement from which local courts should not be excluded by a statutory provision plainly designed for the protection of policies having general application throughout the United States.*" (Italics ours.)

For the reasons stated the motion for removal filed by all the defendants is denied.

Mr. Justice De Jesús took no part in the decision of this case.