EL PUEBLO DE PUERTO RICO, querellante, *v.* CENTRAL AGUIRRE ASSOCIATES, CENTRAL AGUIRRE SUGAR COMPANY, CENTRAL MACHETE COMPANY y LUCE & COMPANY, S. EN C., demandadas.

Núm. 9.—*Sometido:* Julio 26, 1941. *Resuelto:* Agosto 2, 1941.

*Charles R. Hartzell* y *Rafael O. Fernández,* abogados de Central Aguirre Associates, Central Aguirre Sugar Company y Central Machete Company; *Fernando Beiró Rovira,* abogado de Luce & Company, S. en C.; *Hon. Procurador General Interino Emilio de Aldrey* y *Miguel Guerra-Mondragón, Rafael Rivera Zayas* y *Luis Venegas Cortés,* abogados asociados éstos, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Las querelladas Central Aguirre Associates, Central Aguirre Sugar Company, Central Machete Company y Luce & Company, S. en C., radicaron una moción solicitando el traslado de esta causa a la Corte de Distrito de los Estados Unidos para Puerto Rico. Oídas las partes el 15 de julio de 1941 sobre la procedencia del traslado se les concedió hasta el día 26 del mismo mes y año para radicar alegatos escritos, lo que han hecho, quedando sometida la cuestión.

Basan su petición las querelladas, exclusivamente, en que el procedimiento de *quo warranto* entablado en este caso "es un pleito de naturaleza civil, en ley, que surge bajo

la Constitución o leyes de los Estados Unidos'' de acuerdo con el artículo 28 del Código Judicial de los Estados Unidos que, en lo pertinente, dispone:

"Cualquier pleito de naturaleza civil, en ley o en equidad, en que esté envuelta la interpretación, validez o efecto de la Constitución o leyes de los Estados Unidos, o tratados celebrados o que puedan celebrarse bajo su autoridad y sobre los cuales se concede jurisdicción original a la Corte de Distrito de los Estados Unidos, presentado en una corte estatal, puede ser trasladado a petición de los demandados a la Corte de Distrito de los Estados Unidos correspondiente..."

Aun cuando en su moción de traslado las querelladas alegan que esta acción surge "de la Constitución, particularmente el Artículo V de las Enmiendas a la misma, y las leyes de los Estados Unidos y en particular la Resolución Conjunta núm. 23 del Congreso 56, aprobado en mayo 1 de 1900 . . . (la llamada Ley de 500 acres) y la Ley del Congreso comúnmente conocida como la Ley Orgánica de Puerto Rico, 39 Statutes at Large, Título 48 U.S.C.A., Sec. 752," lo cierto es que, tanto en su informe oral como en su alegato escrito, no discutieron la aplicación a o vigencia en Puerto Rico de la Enmienda V de la Constitución y se limitaron a tratar de demostrar que la Resolución Conjunta o Ley de 500 acres, es una de las Leyes de los Estados Unidos comprendida en el artículo 28 del Código Judicial, supra. Desconocemos, por tanto, los fundamentos que puedan tener las querelladas para sostener que la Enmienda V de la Constitución de los Estados Unidos rige en Puerto Rico. ■ Somos de opinión, sin embargo, que mientras el Congreso de los Estados Unidos no haga una declaración expresa en contrario a su política hasta ahora expresada a través de la legislación vigente, la Constitución de Estados Unidos no rige *ex proprio vigore* en Puerto Rico, de acuerdo con lo resuelto por el Tribunal Supremo de los Estados Unidos en los casos de *Puerto Rico* v. *Tapia* y *Puerto Rico* v. *Muratti,* 245 U. S. 639 y *Balzac* v. *Porto Rico,* 258 U. S. 298. En este último caso dicho Tribunal, por voz de su Juez Presidente, Sr. Taft, ratificó los

dos anteriores, resolviéndose expresamente que las Enmiendas V y VI a la Constitución de los Estados Unidos, ni ésta en su totalidad, regían en Puerto Rico porque no fué la intención del Congreso de los Estados Unidos al aprobar la Carta Orgánica de Puerto Rico en el año 1917 incorporar a Puerto Rico a los Estados Unidos.

En cuanto al segundo fundamento de la moción de traslado, es decir, que la Resolución Conjunta de mayo primero de 1900 conocida por Ley de 500 acres, incorporada en la sec. 39 de la vigente Ley Orgánica aprobada en 1917, es una Ley de los Estados Unidos dentro del significado del artículo 28 del Código Judicial de los Estados Unidos, supra, la cuestión ha sido resuelta en contra de la teoría sustentada por las querelladas tanto por este Tribunal Supremo, como por el Tribunal Supremo de los Estados Unidos.

En el caso de *Pueblo* v. *South Porto Rico Sugar Co.*, 54 D.P.R. 131, se dijo lo siguiente:

"...La cuestión a determinar es si la Resolución Conjunta número 23, de mayo primero de 1900, y nuestra Ley Orgánica de 1917, a pesar de ser, como son, leyes aprobadas .por el Congreso de los Estados Unidos, pueden considerarse, por su carácter local, como leyes de los Estados Unidos a los efectos de un traslado a la Corte Federal; o si, por el contrario, por su naturaleza o carácter puramente local deben considerarse a esos mismos efectos como estatutos de Puerto Rico que no dan derecho al traslado.

"La cuestión no es nueva en esta jurisdicción. Este tribunal, en otro caso de igual índole—el de *Pueblo* v. *The Fajardo Sugar Co., of P. R.*, 50 D.P.R. 163, 179—por voz de su Juez Presidente Sr. del Toro, exteriorizó su criterio sobre el particular en los siguientes términos:

" 'Toda la Carta Orgánica demuestra que el Congreso estaba estableciendo una forma territorial de gobierno con el mismo control sobre las corporaciones creadas por él o haciendo negocios dentro de sus límites, que el que pudiera tener un estado o cualquier otro territorio. Por consiguiente, ya que las franquicias son concedidas por Puerto Rico y su gobierno tiene control sobre las corporaciones dentro de sus límites, la inferencia inevitable es que la violación de la franquicia o la tenencia de tierras en exceso de quinientos acres es una cuestión local. Es inconcebible que la violación de una carta

constitutiva o de la Carta Orgánica debiese ser excluída del control de Puerto Rico. Sería tan posible decir que una violación de la llamada "Declaración de Derechos" es materia exclusivamente de jurisdicción federal, y así sucesivamente, de cualquier otra disposición de la Carta Orgánica.'

"Ampliando el pensamiento del Juez Presidente podríamos agregar que si aceptásemos la proposición de las querelladas nos conduciría al absurdo de tener que sostener que cada vez que se alegue en algún pleito ante nuestros tribunales que una ley local infringe la cláusula constitucional sobre 'el debido proceso de ley' o 'igual protección de las leyes', o cualquiera otra de las limitaciones constitucionales expresadas en el artículo 2 de nuestra Ley Orgánica, se levanta una cuestión federal y si la cuantía en controversia excede de $3,000, puede el demandado solicitar el traslado para ante la Corte de Distrito de los Estados Unidos para Puerto Rico.

"Indudablemente el Congreso no pudo tener en mente sancionar tan absurda situación."

Y el Tribunal Supremo de los Estados Unidos, por voz del Juez Asociado Sr. Frankfurter, en el caso de *Puerto Rico v. Rubert Hermanos, Inc.*, 309 U. S. 543, resolvió esta cuestión en la misma forma, al expresarse así:

"There remains for consideration an objection based on §256 of the Judicial Code (28 U. S. C. §371). That section vests in 'the courts of the United States...exclusive of the courts of the several States' jurisdiction of all suits 'for penalties and forfeitures incurred *under the laws of the United States.*' Whether a law passed by Congress is a 'law of the United States' depends on the meaning given to that phrase by its context. A law for the District of Columbia, though enacted by Congress, was held to be not a 'law of the United States' within the meaning of §250 of the Judicial Code. *American Security Co.* v. *District of Columbia*, 224 U. S. 491. *Likewise, we hold that §39 of the Organic Act is not one of 'the laws of the United States' within the meaning of §256. Section 39 is peculiarly concerned with local policy calling for local enforcement from which local courts should not be excluded by a statutory provision plainly designed for the protection of policies having general application throughout the United States.*"

Por los motivos expuestos, *se declara sin lugar la moción de traslado presentada por todas las querelladas.*

El Juez Asociado Sr. De Jesús no intervino.