**LEAGUE OF WOMEN VOTERS OF CALIFORNIA, et al., Plaintiffs-Appellants,**

**and**

**Pacifica Foundation, et al., Plaintiffs,**

**v.**

**FEDERAL COMMUNICATIONS COMMISSION, Defendant-Appellee.**

No. 83–6299.

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1985.

Fredric D. Woocher, Center for Law in the Public Interest, Los Angeles, Cal., for plaintiffs-appellants.

Anthony J. Steinmeyer, Michael Jay Singer, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GOODWIN, TANG and FERGU-SON, Circuit Judges.

FERGUSON, Circuit Judge:

Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from all final decisions of the district courts "except where a direct review may be had in the Supreme Court." Direct review is available under 28 U.S.C. § 1252 when a district court holds a federal statute unconstitutional in a civil proceeding to which the Government is a party. The second paragraph of section 1252 provides:

A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court.

The instant case requires us to consider the extent of the Supreme Court's mandatory jurisdiction under the second paragraph of section 1252.

I

This case began with a constitutional challenge to a portion of the Public Broadcasting Act of 1967, 47 U.S.C. §§ 390 *et seq.* In August 1982, the district court held that the statutory prohibition against editorializing by noncommercial broadcasters receiving funds from the Corporation for Public Broadcasting, 47 U.S.C. § 399, violated the First Amendment to the United States Constitution. *League of Women Voters of California v. Federal Communications Commission,* 547 F.Supp. 379 (C.D.Cal.1982).

The Federal Communications Commission ("FCC") timely filed a notice of appeal from the holding of unconstitutionality directly to the Supreme Court under section 1252. While that appeal was pending, the district court entered an order in July 1983 denying the request of the League of Women Voters of California (the "League") for attorney fees. Upon denial of the League's motion for reconsideration, the League timely filed in October 1983 a notice of appeal to this court from the district court order denying fees. We stayed proceedings pending disposition of the appeal in the Supreme Court.

In July 1984, the Supreme Court affirmed the district court judgment holding the statute unconstitutional. *Federal Communications Commission v. League of Women Voters of California,* — U.S. —, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984).

The FCC has filed a motion to dismiss the appeal in this court. The FCC argues that the League should have appealed directly to the Supreme Court under 28 U.S.C. § 1252 because of the pendency in that Court of the FCC's appeal from the holding of unconstitutionality. Relying principally upon the Supreme Court's recent decision in *Heckler v. Edwards,* — U.S. —, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984), the League argues that section 1252 does not apply and that this court is the appropriate forum.

In *Edwards,* the district court declared unconstitutional a section of the Social Security Act. The Government filed a notice of appeal to this court, not from the holding of unconstitutionality but only from the remedy ordered by the district court. Relying upon the mandate of section 1252, we concluded that the Supreme Court had exclusive jurisdiction over the appeal and granted a motion to dismiss.

We were reversed by a unanimous Supreme Court, which rejected our literal reading of the statute and noted that section 1252

> presents a case in which "to give the surface literal meaning to a jurisdictional provision ... would not be consistent with the 'sense of the thing' and would confer upon this Court a jurisdiction beyond what 'naturally and properly belongs to it.'"

*Edwards,* 104 S.Ct. at 1538 (quoting *Florida Lime Growers v. Jacobsen,* 362 U.S. 73, 94, 80 S.Ct. 568, 580, 4 L.Ed.2d 568 (1960) (Frankfurter, J., dissenting) (quoting *American Security & Trust Co. v. District of Columbia,* 224 U.S. 491, 495, 32 S.Ct. 553, 554, 56 L.Ed. 856 (1912)).

At the outset, we recognize a significant distinction between *Edwards* and the case at bar: in *Edwards,* the Government did not challenge the district court holding of unconstitutionality. In the instant case, the FCC did raise such a challenge. We are not persuaded, however, that this distinction is decisive. Viewing section 1252 through the filter of *Edwards,* we conclude that the instant appeal from the district court's denial of attorney fees was properly brought to this court. We deny the FCC's motion to dismiss the appeal for lack of jurisdiction.

## II

The Supreme Court has stated several times that an appeal under section 1252 from the district court holding of unconstitutionality will bring the whole case before the Court. *See, e.g., Edwards,* 104 S.Ct. at 1538 n. 12; *Williams v. Zbaraz,* 448 U.S. 358, 368 n. 10, 100 S.Ct. 2694, 2700 n. 10, 65 L.Ed.2d 831 (1980); *McLucas v. DeChamplain,* 421 U.S. 21, 31, 95 S.Ct. 1365, 1371, 43 L.Ed.2d 699 (1975). The origin of the statement is *United States v. Raines,* 362 U.S. 17, 27 n. 7, 80 S.Ct. 519, 526 n. 7, 4 L.Ed.2d 524 (1960), in which the Court noted equivocally that section 1252 "seems to indicate a desire of Congress that the whole case come up." Ironically, the *Raines* Court did not rely upon the second

paragraph of section 1252 to extend its jurisdiction beyond the district court's holding of unconstitutionality. Rather, the Court concluded that appellee's "cross appeals" were simply alternative grounds in support of the district court's holding of unconstitutionality. Yet the Court has consistently relied upon *Raines* to support consideration of matters other than constitutionality under the jurisdictional umbrella of section 1252. While the second paragraph of the statute undoubtedly contemplates jurisdiction beyond the constitutional issue, we believe that the *Raines* assumption has yet to be fully tested.

We can readily conceive of situations in which the Supreme Court would decline jurisdiction over the whole case although the Government has challenged the district court holding of unconstitutionality. Consider a case in which an interlocutory order is properly appealed to the court of appeals without a stay of district court proceedings. If the Government appeals from a subsequent district court order holding a federal statute unconstitutional, will the Supreme Court assert jurisdiction over the previously filed appeal? We think not, yet the second paragraph of section 1252 requires that "[a]ll appeals or cross appeals taken to other courts prior to such notice [of appeal under section 1252] shall be treated as taken directly to the Supreme Court." The goal of "just, speedy, and inexpensive determination of actions," *Edwards,* 104 S.Ct. at 1538 n. 12, would hardly be furthered if an imminent decision in the court of appeals were precluded by a later appeal to the Supreme Court under section 1252.

Consider also the situation in which the Government exercises its prerogative to file an immediate appeal under section 1252 from an interlocutory district court order holding a federal statute unconstitutional. *See United States v. Clark,* 445 U.S. 23, 26 n. 2, 100 S.Ct. 895, 899 n. 2, 63 L.Ed.2d 171 (1980). Will the Supreme Court exercise jurisdiction over a subsequent appeal from a final decision in the case, although the Court decided the constitutionality issue

long ago and the final decision is wholly unrelated to that issue? Again, we think not, but the second paragraph of section 1252 requires that "[a] party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court."

The hypothetical cases are not the instant case. They are useful, however, in demonstrating that, even when the district court holding of unconstitutionality is challenged, it is unlikely that the Supreme Court will exercise jurisdiction over the "whole case." As in *Edwards*, a literal reading of section 1252 to encompass these hypothetical situations would confer upon the Supreme Court "a jurisdiction beyond what 'naturally and properly belongs to it.'" *Edwards*, 104 S.Ct. at 1538.

That brings us to the very difficult question of what appeals should accompany the constitutional issue to the Supreme Court under section 1252. It would be easy to draw the line by concluding that appeals filed during the pendency of the appeal under section 1252 will come under the Supreme Court's jurisdiction. But such a rule does not account for appeals filed before the section 1252 appeal. It is also unsatisfactory in leaving to the vagaries of time the determination of the appropriate forum. In the instant case, for example, application of the rule would place the appeal from the denial of attorney fees in the Supreme Court because the district court order was entered during the pendency of the FCC's appeal. Had the order been entered the day after the Supreme Court's decision, however, the rule would place the appeal in this court. We do not believe that the forum for appellate jurisdiction should depend upon the district court's docket.

■ We conclude that the only meaningful way to determine whether a prior or subsequent appeal should accompany the section 1252 appeal to the Supreme Court is to examine the particular issue. In *Edwards*, the Court examined the remedy order challenged on appeal in light of the rationale for direct appeal to the Supreme Court from a district court order holding a federal statute unconstitutional. The Court noted first that, because the latter order implicates separation of powers, Congress considered it important enough to warrant immediate Supreme Court review. Second, Congress was motivated by concern for certainty and uniformity in government. The district court order may place a restraint on the federal government that requires expeditious review by the highest court. Third, a holding of unconstitutionality may have ramifications far beyond the litigants in the particular case. The public at large often has an interest in speedy resolution of such issues.

The Court determined that the first two elements did not support jurisdiction in *Edwards*. The district court order regarding remedies did not implicate separation of powers and did not restrain the federal government in enforcement of the law. Although the order did have ramifications beyond the litigants, the Court did not consider the single factor sufficient to bring the remedy order directly to the Supreme Court under section 1252.

## III

■ In the instant case, not one of the *Edwards* factors is satisfied. The district court order denying the request for attorney fees does not implicate separation of powers, does not restrain the federal government, and does not have ramifications beyond the litigants. Thus, the rationale for review by the Supreme Court under section 1252 does not support review by the Supreme Court of the attorney fee award in this case.

We do not suggest, however, that application of the *Edwards* factors will always be dispositive.[1] Various issues that do not

---

1. The Supreme Court has observed that "litigants ought to be able to apply a clear test to determine whether, as an exception to the general rule of appellate review, they must perfect an appeal directly to the Supreme Court." *Heckler v. Edwards,* —— U.S. ——, 104 S.Ct. 1532, 1536–37, 79 L.Ed.2d 878 (1984). Although *Edwards* unambiguously eliminated a distinct .

satisfy the *Edwards* test will properly accompany the constitutional issue to the Supreme Court under the second paragraph of section 1252 because they are sufficiently related to the propriety of the district court's holding of unconstitutionality. *See, e.g., United States v. American Friends Service Committee,* 419 U.S. 7, 12 n. 7, 95 S.Ct. 13, 16 n. 7, 42 L.Ed.2d 7 (1974) (*per curiam*) (threshold issues of subject matter jurisdiction); *Fleming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) (whether three-judge court was required). Our conclusion that the district court attorney fee order is appealable to this court under 28 U.S.C. § 1291 derives as much from the nature of attorney fee awards as it does from our application of the *Edwards* factors.

■ Although a notice of appeal has been filed, a district court in this circuit retains jurisdiction to rule upon a request for attorney fees. *Masalosalo v. Stonewall Insurance Co.,* 718 F.2d 955, 956–57 (9th Cir.1983). As we noted in *Masalosalo,* the Supreme Court implicitly approved this practice in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), when it held the 10-day limitation on motions to amend judgment under Federal Rule of Civil Procedure 59(e) inapplicable to motions for attorney fee awards. *Masalosalo,* 718 F.2d at 956. We have encouraged district courts to set deadlines for attorney fee requests and to act promptly upon such requests. *See Masalosalo,* 718 F.2d at 957. Yet, as in the instant case, the district court ruling on attorney fees may occur at a point substantially beyond entry of final judgment.

We noted earlier that timing should not govern the application of section 1252. Timing is indicative, however, of the peculiar nature of attorney fee awards. The Supreme Court has observed that an attorney fee request is a collateral matter

"uniquely separable from the cause of action to be proved at trial." *White,* 455 U.S. at 452, 102 S.Ct. at 1166; *see also Federal Communications Commission v. League of Women Voters of California,* 104 S.Ct. at 3114–15 n. 10. In fact, an award of attorney fees usually depends upon whether the cause of action has been proved. For example, the plaintiffs in this case sought fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, which requires that plaintiffs be prevailing parties and that the Government's position not be substantially justified. The district court cannot rule on such issues until after it reaches final judgment. Moreover, in ruling on the attorney fee request, the district court must consider numerous factors wholly unrelated to the merits of the underlying cause of action. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1937–38 & n. 3, 76 L.Ed.2d 40 (1983); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

In conclusion, we hold that the second paragraph of section 1252 does not encompass a district court order regarding attorney fees. Thus, although the district court order holding a federal statute unconstitutional is appealed directly to the Supreme Court under section 1252, the attorney fee order, whenever entered, is appealable to the court of appeals under 28 U.S.C. § 1291.

The Government's motion to dismiss this appeal for lack of jurisdiction is denied.

category of cases from application of 28 U.S.C. § 1252, a clear test is yet to be established. In the meantime, a litigant who appeals to the wrong forum because of legitimate confusion over application of section 1252 need not be precluded from review. In an appropriate case, the Supreme Court or the court of appeals may rely upon 28 U.S.C. § 1631 to transfer the appeal to the proper forum.