Dickson L. WHITNEY, Plaintiff— Appellant,

v.

G. HARVEY KENNINGTON REVOCA- BLE TRUST; Phil Kennington, Trustee of the G. Harvey Kennington Revocable Trust, Defendants—Appel- lees.

No. 01–35970.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided April 10, 2003.

---

* This panel unanimously finds this case suit- able for decision without oral argument pur- suant to Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON and THOMAS, Circuit Judges, and ILLSTON,** District Judge.

MEMORANDUM ***

Dickson L. Whitney ("Whitney") appeals the judgment entered by the district court against him on his claim for specific performance against G. Harvey Kennington Revocable Trust and Phil Kennington ("the Kenningtons"). We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The question presented by this appeal is whether an exchange of letters between Whitney and the Kenningtons formed a binding written agreement to sell the Kennington Ranch, a 1400–acre property located in Idaho.

Specific performance "will not be decreed where the contract is not certain in its terms. The terms must be complete and free from doubt or ambiguity, and must make the precise act which is to be done clearly ascertainable.... [S]uch a decree will be denied if some of the terms of the contract are indefinite and uncertain or are left open for future determination by the parties." *Nolan v. Grim,* 67 Idaho 138, 173 P.2d 74, 76 (Idaho 1946). Thus, the proper inquiry is to determine whether an agreement exists between the parties that contains unambiguous terms regarding the "precise act" that the parties are obligated to perform.

The Idaho statute of frauds does not, as a matter of law, preclude a finding of contract formation in this case. The letters exchanged between Whitney and the Kenningtons are in writing and they are accompanied by each party's signature. *See* Idaho Code § 9–505(4); *Hoffman v. S V Co.,* 102 Idaho 187, 628 P.2d 218, 221 (Idaho 1981). However, when a contract is subject to the statute of frauds, "gaps in essential terms cannot be filled by parol evidence." *Lawrence v. Jones,* 124 Idaho 748, 864 P.2d 194, 196 (Idaho Ct.App.1993); *see also White v. Rehn,* 103 Idaho 1, 644 P.2d 323, 325 (Idaho 1982). Thus, the district court properly excluded the deposition testimony of any party as parol evidence when determining whether a written memorandum exists between the Kenningtons and Whitney, and if so, whether such memorandum contains the essential terms of an enforceable agreement to sell property. *Lawrence,* 864 P.2d at 196.

Under Idaho law, an agreement will be found if the written memorandum "plainly set[s] forth the parties to the con-

---

** The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Kenningtons suggest that we may have been divested of jurisdiction because a motion for attorney fees was filed with the district court after Whitney filed a notice of appeal. However, a pending motion for attorney fees does not divest this Court of jurisdiction under 28 U.S.C. § 1291 over the merits of the motion for summary judgment. *See, e.g., League of Women Voters of Cal. v. Fed. Communications Comm'n,* 751 F.2d 986, 990 (9th Cir.1985).

tract, the subject matter thereof, the price or consideration, a description of the property and all the essential terms and conditions of the agreement." *Hoffman,* 628 P.2d at 221 (internal citations omitted). On April 5, 1999, the Kenningtons sent a letter to Whitney in which they stated "[w]e would like to sell the 1400–acre ranch to you," for the specified price. Whitney responded with a letter on April 16, 1999, expressing his intent "to go forward with the purchase," a promise to "work out" a closing date, an indication that "necessary agreements" need to be "draw[n] up," and a question regarding whether active grazing rights are included in the sale.

Whitney contends that all of the *Hoffman* elements are present in the parties' exchange, and as relevant to the instant analysis, the subject matter of letters is the sale of Kennington Ranch.

However, a review of the documents shows that Whitney accepted an offer, as provided in his own words, "to go forward with the purchase." The Kenningtons' response to Whitney's letter on April 27, 1999, affirms that the subject matter of the correspondence had been limited to an agreement to continue negotiations: "It was good to receive your letter indicating your desire to go forward with the purchase of the ranch." Thus, even drawing all inferences in Whitney's favor, the subject matter of the parties' correspondence was an agreement to continue negotiations regarding the sale of the Kennington Ranch. Even construing all inferences from the parties' communications in Whitney's favor, we affirm the district court's holding that no jury could find that the parties entered into an agreement to sell the Kennington Ranch.

* This panel unanimously finds this case suit-

■ The agreement at issue thus fails to contain the requisite certainty and finality that must be present before a court may order specific performance of an agreement to sell real property. *Cf., Wood v. Simonson,* 108 Idaho 699, 701 P.2d 319, 321 (Idaho Ct.App.1985) (enforcing an earnest money agreement that "clearly set[s] forth the names of the parties, the price to be paid, the terms of the payment, the name of the closing agent, a description of the property, that the property would be sold 'as is,' the amount of the earnest money required and which personal property was excluded from the sale").

The district court's evaluation was entirely correct.

AFFIRMED